## MURPHY v. STATE. (No. 9422.)

(Court of Civil Appeals of Texas. Dallas. Nov. 29, 1924.)

Injunction ⬳34—Enjoining use of dance hall improper, where such use not a nuisance or unlawful.

Pen. Code 1911, art. 503, does not authorize court to enjoin use of dance hall, unless such use constituted a nuisance, or is unlawful or in violation of either article 496, 502, or 503,· and hence injunction merely restraining use of dance hall, where such use did not constitute nuisance and was not in violation of law, was improper.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Application for writ of injunction by the State against W. C. Murphy. From judgment making temporary writ of injunction permanent, defendant appeals. Reversed and rendered.

Jacks & Hurt, of Dallas, for appellant. ·

Shelby S. Cox, Dist. Atty., of Dallas, for the State.

VAUGHAN, J. Appellee, the state of Texas, acting by and through the district attorney of Dallas county, applied for a writ of injunction against the appellant, alleging that the appellant was the owner and user of a certain dance hall and dance building situated in the county of Dallas; that spirituous and malt liquors were unlawfully stored, sold, and given away and drunk on said premises, and that appellant permits prostitutes, lewd women, and women of bad reputation and chastity to display and conduct themselves on said premises in an indecent manner, and that such house is a disorderly house, as defined by article 502 of the Revised Statutes; that appellant contemplates, plans, and threatens to conduct said dance hall in the manner hereinbefore alleged, and prayed for an injunction restraining the appellant from conducting and operating said premises as a dance hall, and from selling and storing liquor and permitting women of bad reputation to come on the premises. The court granted a temporary restraining order, restraining appellant from conducting the premises as a dance hall and from selling, storing, and giving away liquor or permitting the same to be done, and from permitting prostitutes, lewd women, and women of bad reputation and chastity to be and remain on said premises.

Appellant filed a motion to dissolve, setting up that he was the owner of the premises upon which the dance hall was conducted; that he employed two officers to maintain order and to control the people to be admitted and to in every way assist him in doing everything necessary to conduct a high-class place of amusement and dancing; that he had nailed up and posted signs at the entrance to his dance hall, stating that no liquor of any kind or character would be permitted on the premises, and that women of bad reputation would not be allowed. Appellant denied that liquor had been used upon the premises, alleging that no indecency or impropriety of any kind had been permitted to be committed upon the premises.

The court made permanent the temporary writ of injunction, and appellant was enjoined from conducting and operating his premises as a dance hall, and from selling, storing, and giving away spirituous and malt liquors, and from permitting the same to be done, and from permitting prostitutes, lewd women, and women of bad reputation for chastity to be and remain on said premises and displaying and conducting themselves therein in an indecent manner, to which order of the court the appellant then and there gave notice of appeal.

The appeal was duly perfected, and is now before us on the following propositions presented by appellant:

"An individual has a right to the full and unlimited use of his private property for any purpose that he may deem fit, so long as such purposes are not unlawful, and so long as such use does not constitute a nuisance.

"The court erred in restraining and enjoining the appellant from using his private premises as a dance hall, as neither equity nor law gives the district court the right to unwarrantedly interfere or restrain an individual in the lawful use of his premises, unless such use constitutes a nuisance.

"The court erred in restraining the appellant from using his premises as a dance hall, be-

cause the appellee did not allege or prove that the dance hall would constitute a nuisance. The court erred in holding that the proof adduced by the appellee as to the operation of said dance hall brought it under article 502 of the Penal Code of the state of Texas, defining a bawdy house.

"Article 503 gives, and, at the same time, limits the power of the district court to enjoin an individual from the use of his private premises, and such power, when given, is limited to an injunction against such individual against the habitual, actual, threatened, or contemplated use of any premises, place, or building thereof for the purpose of keeping, being interested in, aiding, or abetting the keeping of a bawdy or disorderly house; hence, the court erred in enjoining and restraining the appellant from operating his premises as a dance hall, unless such dance hall and premises should be operated as a bawdy or disorderly house."

Appellant is the owner of a certain dance hall and building situated on land owned by him in Dallas county, about three miles from the city of Dallas, on Spring avenue. Further than this we do not deem it necessary to make a formal finding of facts, other than in a negative form, as, from a most careful examination of the statement of facts, we have reached the conclusion that same utterly fails to establish any of the fundamental allegations so necessary to have been proven in order to have authorized the trial court to perpetuate the temporary writ of injunction granted on appellee's application. Therefore we shall state only the following material allegations that the evidence failed to establish; to wit: That spirituous and malt liquors are unlawfully stored, sold, and given away and drunk on said premises; that appellant permits prostitutes, lewd women, and women of bad reputation for chastity, to display and conduct themselves on said premises in an indecent manner; that appellant knowingly employed or had in his service, in any capacity, in his dance house, any women of the above character; that appellant actually used, threatened to use, or contemplated using any of the premises constituting his dance hall, or part thereof, for the purpose of keeping, being interested in, aiding or abetting the keeping of a bawdy or disorderly house.

Looking to the law, which must ever be our only guide, and not individual views or desire, we find that it is the habitual, actual, threatened or contemplated use of the premises, or any part thereof, by appellant for the purpose of keeping, being interested in, aiding or abetting the keeping of a bawdy or disorderly house, that is authorized to be enjoined, and not the use of his property as a dance hall. Article 503, Penal Code. The authority is not conferred by said article 503 to simply restrain appellant from using his premises as a dance hall, but the only authority granted is to restrain appellant from doing the things, or any one of the acts, that would make his dance hall a bawdy or disorderly house, or from using his dance hall in such a manner as to become one of the places inhibited by law. Moore v. State, 107 Tex. 490, 181 S. W. 438; Eckles v. Nowlin (Tex. Civ. App.) 158 S. W. 794.

It is true that under articles 496 and 502 of the Penal Code the trial court would have been authorized to have enjoined appellant from operating his dance hall as a place where all or any one of the above things were being permitted, or threatened or contemplated to be permitted, in violation of said article 503. Neither in equity, nor under the above statute, is the right given the trial court to interfere with or restrain an individual in the use of his premises unless such use constitutes a nuisance or is unlawful. Spann v. City of Dallas, 111 Tex. 350, 235 S. W. 513, 19 A. L. R. 1387. Appellee did not allege or prove, nor did the court find, that the operation of appellant's premises as a dance hall constituted a nuisance; hence, the only ground upon which the injunction of the court could be based, and appellant restrained from the use of his premises as a dance hall, is that it is unlawful. It is not unlawful unless so denounced and defined by the law. The law applicable to and governing proceedings of this character is embraced in articles 496, 502, and 503, supra, and it must be apparent that the operation of a public dance hall is not made by the provisions of said articles to constitute an offense unless the operation is in violation of some one or all of the provisions of said statute so as to convert said dance hall into a bawdy or disorderly house, as defined by the above articles of the Penal Code. Hence, even by the statute, it was not within the power of the court simply to restrain the appellant from using his premises as a dance hall. The only authority granted in that respect being to restrain the appellant from using his dance hall in all or any one of the ways or for the purposes prohibited and denounced by the law. Soto v. State (Tex. Civ. App.) 171 S. W. 279.

Therefore it was not within the power of the court to enjoin appellant from conducting and operating the premises at 401 Spring avenue as a dance hall, as its authority in that respect was to enjoin the appellant from doing the things prohibited, as being in violation of articles 496, 502, and 503, supra, as the court did not have the authority to restrain the appellant from the operation of his premises as a dance hall not in violation or in contravention of any of the provisions of said statute. The purpose of the state is to authorize courts to enjoin the use of private property in violation of the law as defined in articles 496 and 502, and not to enjoin one from operating his premises lawfully and in a proper manner. The injunction being for the purpose of abating the doing of the thing

denounced by the law as a crime by prohibiting it from being done, in other words, to prevent the unlawful use of the premises, and not to prevent the use of it as permitted by law, such use not being a nuisance; it being only intended to permanently enjoin the. unlawful use of the premises, leaving the right to use same in a lawful manner, unaffected by the decree of injunction. This leads to appellant's several propositions being sustained.

As disclosed by the record, the case was fully developed and therefore will not be remanded for further proceedings, but the disposition that should have been made of same in the trial court will here be made. It is therefore ordered that the judgment of the trial court be and the same is hereby reversed, and the appellant's motion to dissolve the temporary writ of injunction sustained.

Reversed and rendered.